IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR KASSE<br><br>PLAINTIFF<br>v.<br><br>METROPOLITAN LUMBER & HARDWARE, INC.; NATIONAL LUMBER & HARDWARE, INC.<br><br>DEFENDANTS | CIVIL NO. 14-1894<br><br>RE: AGE DISCRIMINATION IN EMPLOYMENT ACT, LAW NO.100 OF JUNE 30, 1959.<br><br>DAMAGES EQUITABLE AND INJUNCTIVE RELIEF<br><br>TRIAL BY JURY |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES the Plaintiff, through the undersigned attorney, and very respectfully alleges states and prays:

**INTRODUCTION**

1. HECTOR KASSE (Kasse or the Plaintiff) brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., seeking damages as a result of the Defendantsô discrimination against plaintiff due to his age in violation of the ADEA and Puerto Ricoôs Law No. 100 of June 30, 1959, as amended, and Law No. 80 of May 30, 1976.

## JURISDICTION

2. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. Sec. 633a (c) and 29 U.S.C. 1132 (e), as well as under 28 U.S.C. 1331.

3. This Courtôs exercise of supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367 to hear the Commonwealth law claims because these arose from the same nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) (1) and (2).

5. All conditions precedent to jurisdiction under 29 U.S.C. 633a and 29 U.S.C. 626 have occurred or have been complied with.

a. A charge of employment discrimination on the basis of age discrimination was timely filed with the Puerto Rico Department of Labor Anti-Discrimination Unit and the Equal Employment Opportunity Commission (ñEEOCò). The charge was filed on March 18, 2014.

b. After proceedings at the Department of Labor, the parties could not solve their differences.

c. The EEOC issued Right-to-sue letter in the EEOC charge on November 10, 2014, that was received by plaintiff on November 17, 2014.

d. This complaint is being filed within 90 days of receipt of the ñEEOCò right-to-sue letters.

6. All the discriminatory employment practices alleged herein were committed within the Commonwealth of Puerto Rico.

7. Defendant METROPOLITAN LUMBER & HARDWARE, INC. (hereinafter

referred to as ñMLHò) is a corporation duly organized under the laws of the Commonwealth of Puerto Rico.

8. Defendant NATIONAL LUMBER & HARDWARE, INC. (hereinafter referred to as ñNLHò) is a corporation duly organized under the laws of the Commonwealth of Puerto Rico.

9. Defendants are "persons" within the meaning of 29 U.S.C. 630 (a).

10. Each Defendant employs 15 or more employees and are ñemployerò within the meaning of 29 U.S.C. 630 (b).

11. Defendants are engaged in industries affecting commerce within the meaning of 29 U.S.C. 630 (h).

12. Defendants MLH and NLH are single employers and/or joint employers because there is interrelation of operations because both corporations operate the same business, uses the same supplier, same employees and sell the same products. There is common management because the decisions in both corporation are taken by the same people and the directors of both corporations are the same people. The decisions taken for one corporation apply to the other corporation. There is centralized control of labor because the employment matters and decision are ruled by the same people. The human resources department and employees are the same for both companies and the labor decisions and rules taken for one corporation apply to the other. There is common ownership and/or financial control. Both companies are owned and administered by the same people. Defendants MLH and NLH are successor employers one of each other and, as such, they are all liable for the amounts requested in this complaint. They have always continued the same business activity, which is hardware stores. It is the same operation, use the same suppliers, same employees, sell the same products, have always have a continued

operation and the same name. Both companies have always used the same premises, employees, supervisors, equipment, production techniques; are providing the same service; have retained the same name; and have haven a continuous operation selling the same products.

**THE NARRATIVE**

13. Kasse is 67 years old. Kasse was born on April 3, 1947.

14. Defendants operate a chain of hardware stores in PR under the name of National Lumber & Hardware, Inc. These stores were under the corporation of NLH and later under MLH. Kasse has worked uninterruptedly at these stores since February 2, 1992, and has kept his employment seniority since 1992, notwithstanding the changes in names.

15. Kasse has always been an excellent, capable and dedicated employee. Kasse has an excellent service record.

16. Kasse has been manager of several of defendantsô stores in PR. Kasse, by October 2013, was the oldest store manager in the whole defendantsô stores and one of the oldest employees of Defendants.

17. By October 2013, Kasse was the manager of the defendantsô store located in Manati, PR. Kasse was in charge of this store and had been manager of this store for approximately 3 or 4 years. As manager, Kasse had a salary of $550.00 weekly and received commissions based on the sales made by the store. This was a benefit he had as manager. He received approximately from $1,000.00 to $1,900.00 monthly in commissions in this store.

18. Kasseôs performance as manager, as well as performance of all store managers, is evaluated by a supervisor who prepares, after each evaluation, a written report called Supervision Report (ñ*Informe de Supervision*ò). The Supervision Reports measures approximately 163 items

related to the store and/or managerös performance. The supervisors has to mark ñ*Complied*ò or ñ*Not Complied*ò as to each item. The report is finally graded by the supervisor as ñ*Acceptable*ò or ñ*Not Acceptable*.ò The items measured by the report are the items that, if complied by the manager, are supposed to increase the sales of the store. In other words, the goal of the compliance with these items is to have better sale results.

19. *Supervision Reports* related to Kasseös store and/or performance were prepared on May 2, 2013, May 16, 2013, May 30, 2013, June 7, 2013, June 20, 2013, July 11, 2013, August 22, 2013 and September 9, 2013. No manager Supervision Report was prepared related to Kasseös store and/or performance after September 9, 2013.

20. The results of the mentioned evaluations were the following:

| **DATE** | **ITEMS COMPLIED** | **GENERAL RESULT** |
|---|---|---|
| May 2, 2013 | 157 out of 163 | Acceptable |
| May 16, 2013 | 162 out of 163 | Acceptable |
| May 30, 2013 | 162 out of 163 | Acceptable |
| June 7, 2013 | 163 out of 163 | Acceptable |
| June 20, 2013 | 163 out of 163 | Acceptable |
| July 11, 2013 | 163 out of 163 | Acceptable |
| August 22, 2013 | 163 out of 163 | Acceptable |
| September 9, 2013. | 163 out of 163 | Acceptable |

21. The store of Manati was one of the stores of defendants with better results the Supervision Reports during in the mentioned dates.

22. On October 9, 2013, Angel Roman (ñRomanò), the Director of Human Resources of defendants met with Kasse and notified him that he was being demoted to Assistant Manager in the store located in Carolina. Roman told Kasse that he was being demoted to the position of Assistant Manager because he understood that Kasse was not performing adequately as Manager. The written reports, as stated before, showed the opposite.

23. Moreover, Roman told Kasse that his compensation was not going to be affected by this change. This was a lie. Kasse later noticed that his salary was decreased to $500.00 and that his commission percent was also decreased to that of an Assistant Manager. As Assistant Manager, Kasse has been only receiving about $350.00 monthly since this demotion.

24. Some days later, he received a written notification of the demotion and he began working as Assistant Manager in the store of Carolina on October 21, 2013. The communication, curiously, did not mention any wrongdoing on part of Kasse.

25. Kasseþs position of manager in Manati was immediately given to a substantially younger employee (about 32 years old) with less seniority and less experience than Kasse. The same changes have been made in other defendantsô stores affecting employees of protected ages. Defendantsô administration has been replacing elder employees by young employees. For instance, the managers of the store of Utuado and of the store of Dorado have been replaced, without just cause or reason, by substantially younger employees and have been demoted to Assistant Managers of other stores.

26. A similar incident had happened to Kasse on May 21, 2013, when Roman met with Kasse and admonished him. Roman told Kasse that he was being admonished due to inadequate performance. Nevertheless, the reports that his performance was excellent. (162 out of 163).

27. Some days later, he received a written notification of the admonishment. The communication, curiously, did not specify the alleged wrongdoings on part of Kasse.

28. Kasse was in the age group protected by the ADEA; he was demoted and admonished; at the time of his demotion and admonishment he was performing his job at a level that met her employersô legitimate expectations; and he was replaced by a substantially younger employee.

29. Defendants provided a preferential and disparate treatment to those employees substantially younger than Kasse in terms of benefits and conditions of employment.

30. Defendantsô conduct is the proximate cause of all of Kasseõs damages.

**FIRST CAUSE OF ACTION**

31. Kasse repeats and realleges each and every preceding allegation as if fully set herein.

32. Defendantsô conduct against Kasse constitutes discrimination on the basis of age in violation of the ADEA.

33. As a proximate result of the defendantsô discriminatory practices, Kasse has suffered intensely, has been deprived of his means of livelihood and has been emotionally devastated.

34. Defendants are liable to Kasse for compensatory and emotional damages, back pay, loss of income, salaries and benefits, and he is entitled to be reinstated to his former position, which he held prior to his demotion, and/or front pay in lieu of reinstatement until age 70.

**SECOND CAUSE OF ACTION**

35. Kasse repeats and realleges each and every preceding allegation as if fully set herein.

36. Defendantsô discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof the defendant is liable to Kasse for liquidated damages.

**THIRD CAUSE OF ACTION**

37. Kasse repeats and realleges each and every preceding allegation as if fully set herein.

38. Defendantsô conduct constitutes discrimination on the basis of age in violation of Law No. 100 of June 30, 1959, as amended and as a result thereof defendant is liable to Kasse for compensatory and double damages.

**TRIAL BY JURY**

39. Plaintiff demands that the instant action be tried before a jury.

**PETITION FOR RELIEF**

**WHEREFORE,** all premises considered, Plaintiff prays that judgment be entered in his favor and against Defendants including the following relief:

a. An order directing the Defendants to reinstate Kasse as manager or an award of front pay until age 70 in lieu of reinstatement and to cease and desist of any discriminatory conduct due to his age.

b. Back pay, together with interest.

c. Lost benefits, commissions and salaries, past and future.

d. An award of liquidated damages equal to twice the back pay lost by Kasse.

e. An award of compensatory damages for the emotional suffering and distress resulting from Defendants discriminatory acts in an amount not less than $500,000.00.

f. An award of double compensatory damages and back pay pursuant to Law No. 100.

g. Attorneyǿs fees and costs pursuant to 29 USCA 1132 (g).

h. An award of attorney's fees, together with costs and necessary disbursements.

i. Any other remedy that this Court may deem just and proper.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 10th day of December 2014.

S/Manuel Durán-Rodríguez
MANUEL DURAN-RODRIGUEZ, ESQ.
USDC- PR No.204512
MANUEL DURAN LAW OFFICE
1139 AMERICO MIRANDA AVE.
SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
FAX (787) 781-7771
Mduranlaw@aol.com