IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HÉCTOR KASSE, | |
| Plaintiff, | |
| v. | CIV. NO.: 14-1894 (SCC) |
| METROPOLITAN LUMBER, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Héctor Kasse, a 67-year old employee of National Lumber & Hardware, Inc., sued his employer alleging discrimination on the basis of age under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and Puerto Rico's Law No. 100 of June 30, 1959, as amended, (" Law 100"), and Law No. 80 of May 30, 1976 ("Law

80").[1]

## I. Procedural background

Kasse has been an employee of defendant since 1992. He has been manager of several of defendant's stores in Puerto Rico. On December 10, 2014, he filed suit against Metropolitan Lumber & Hardware, Inc. ("MLH") and National Lumber & Hardware, Inc. ("NLH")("defendant").[2] Docket No. 1. He alleged three causes of action. The first and second causes of action claim that he suffered discrimination on the basis of his age and seek relief under the ADEA. The third and last cause of action alleges discrimination under Law No. 100. On January 7, 2015, plaintiff amended the complaint, Docket No. 5.

Metropolitan moved for summary judgment. Docket No. 22. Plaintiff opposed the request. Docket No. 26. On October 31, 2015, plaintiff filed a supplemental memorandum in

---

**1.**   Though plaintiff included Law No. 80 in the Introduction portion of the Complaint, he made no specific allegations under Law No. 80, which deals with unjustified dismissals.

**2.**   Plaintiff sued both Metropolitan Lumber & Hardware, Inc. And National Lumber & Hardware, Inc., but in its Answer to the Amended Complaint, Docket No. 10, Metropolitan averred that National Lumber is a d/b/a.

support of his opposition to motion for summary judgment. Docket No. 32. On November 11, 2015, Metropolitan filed a reply to motion for summary judgment. Docket No. 37.

While the motion for summary judgment was pending, plaintiff filed a motion asking the court to strike several statements included in defendant's statement of uncontested facts ("SUF"), Docket No. 30. Metropolitan opposed, Docket No. 40, and filed a like-motion to strike statements from plaintiff's declaration under penalty of perjury attached to the motion for summary judgment. Docket No. 41. Plaintiff filed a response. Docket No. 47. Metropolitan replied. Docket No. 57.

By Order dated August 15, 2016, Docket No. 59, the court denied the motion at Docket No. 30 and granted in part, and denied in part, the motion at Docket No. 41.

## II. Standard

Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(If a party "fails to make a showing sufficient to establish

the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial," summary judgment is proper.) The court must examine the record in the light most favorable to the nonmovant and indulging all reasonable inferences in the nonmovant's favor. *Maldonado-Denis v. Castillo-Rodríguez*, 23 F.3d 576, 581 (1st Cir. 1994).

In its review of the record, the court must  refrain from engaging in an assessment of credibility or weigh the evidence presented. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251 (1986)("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

A party opposing a properly supported motion for summary judgment, "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(quoting Fed. R. Civ. P. 56(c)). The party cannot rest on his/her own allegations without "any significant probative evidence tending to support the complaint." *Id*. at 249.

Moreover, pursuant to Local Rule 56 of the United States District Court for the District of Puerto Rico, a party opposing a motion for summary judgment must submit a counter-statement, which "shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation." D.P.R.R. 56(c). Properly supported facts contained in an statement of uncontested facts shall be deemed admitted unless controverted in the manner prescribed by the local rule. D.P.R.R. 56(e).

### III. Factual Findings

The following factual findings are taken from the parties' statements of uncontested facts ("SUF") and supporting documentation. Upon reviewing the record, the court finds the following facts as undisputed:

***Background facts about Kasse's employment***

1. Metropolitan Lumber & Hardware, Inc. is a chain of hardware stores throughout Puerto Rico.

2. Plaintiff Kasse began working for defendant on March 2, 1992.

3. Initially, Kasse helped managers on their days off and

covered for managers during their vacations.

4. Around 1993, Kasse was assigned to work in the Levittown store as Store Manager.

5. Kasse was later transferred to the Arecibo store, where he remained for 15 years.

6. In 20006, Kasse was demoted from the position of Store Manager to Assistant Manager, and transferred to the La Cerámica store. Kasse maintained his same salary.

7. Metropolitan claims that Kasse was demoted due to performance deficiencies.

8. In 2008, Kasse was promoted to Manager of the Hato Tejas store in Bayamón. Kasse maintained his same salary.

9. On March 10, 2009, Kasse was transferred to the Manatí store to serve as its Manager. Kasse maintained his same salary.

### Events that transpired at the Manatí store

10. During the time Kasse was Store Manager of the Manatí store, the store's managerial structure consisted, in hierarchical order, of the Store Manager, the Assistant Manager and the Front End Supervisor, who was in charge of the cashiers.

11. At the time relevant to this case, the Assistant Manager

of the Manatí Store was Marisela Miranda ("Miranda") and the Front End Supervisor was Magdalis Muñoz ("Muñoz").

12. Kasse was Muñoz' direct supervisor.

13. Kasse sometimes delegated to Muñoz the functions of making the work schedules for the floor employees and the function of distributing the Employee Handbooks to the store employees.

### *Facts related to the investigation that led to plaintiff's transfer*

14. In November 2011, the Human Resources Department received a complaint from 15 employees of the Manatí store about Muñoz, which led to an investigation conducted by Human Resources.

15. At that time, Kasse was advised about the reason for the investigation that was being carried out.

16. After the 2011 investigation, Kasse did not receive any complaints about Muñoz.

17. After that investigation, Kasse did not communicate with Human Resources regarding Muñoz, he did not notify to the Human Resources Department any issue regarding Muñoz and he did not seek guidance or assistance regarding managing employee complains regarding Muñoz.

18. In May 2013, Human Resources received another

complaint. According to the Complaint, the employee was dissatisfied with management and their lack of supervision of Ms. Muñoz.

19. On May 22, 2013, Metropolitan sent Kasse a letter stating that he was not complying with the parameters the company expected in terms of marketing and management.

20. On August 6 and 27, 2013, Nydia Figueroa, from the Human Resources Department, received a call from a new cashier in the Metropolitan store in Manatí with concerns about her work and complaining about an alleged hostile work environment in the store.

21. Figueroa consulted the situation with Román, Human Resources Director, and began an investigation regarding the complaint.

22. According to Metropolitan's Employee Manual, any employee who complains of discrimination or sexual harassment must file a written complaint with the Human Resources department. No verbal complaints will be accepted.

23. On September 11 and September 25, 2013, Figueroa interviewed employees who worked at the Manatí store in different areas, including the warehouse, the sales floor and cashiers.

24. According to Figueroa, the interviews revealed that there was a general discontent among the store employees regarding the store's Front End Supervisor and there were complaints that she made offensive comments to employees, that she used the work schedules to penalize employees, and that there was no confidentiality regarding employees' personal situations, among other complaints.

25. Based on the investigation, Figueroa arrived to several conclusions regarding how employees felt about the Front End Supervisor and the store's management.

26. Kasse admitted that, prior to the 2011 investigation, the employees complained to him about Muñoz' treatment and the manner in which she addressed them.

27. Kasse stated during his deposition that he had doubts about Muñoz being a good Front End Supervisor because of the way she sometimes treated employees which, in his mind, was not correct.

28. Figueroa conveyed the results of the investigation to Román.

29. On October 4, 2013, Kasse received a letter signed by Angel Roman, Director of Human Resources, stating that he was being reassigned to the position of Assistant Manager of

the Carolina store.

30. During the investigation, Metropolitan did not suspend Kasse.

31. On October 20, 2013, Kasse was transferred to the Carolina store as Assistant Store Manager.

32. After the 2013 investigation, Muñoz was transferred to the Morovis store and her functions as Front End Supervisor were taken away.

33. After the investigation, the Assistant Store Manager of the Manatí store, Miranda, was transferred to the Quebradillas store.

34. Miranda was born in the year 1977, and Muñoz was born in the year 1972.

35. Kopel was born in the year 1948 and Román was born in the year 1961.

36. Steven Kopel, General Manager and son of Israel Kopel, is younger than Kasse.

37. In October 2013, Richard Hernández was assigned to work as the Store Manager for the Manatí store. Hernández was born in 1971. He has held several positions in National Lumber affiliated companies since 1989.

38. On or around May 2015, Kasse was appointed Store

Manager of the Carolina Store, position he holds today, earning $550 per week plus .50% of store sales in commissions, paid on a monthly basis.

### IV. Analysis

According to Kasse, his complaint was motivated by an incident that took place on October of 2013. On October 9, 2013, he met with Angel Roman, Director of Human Resources, who allegedly informed him that he was being demoted, from Manager of the Manatí store, to Assistant Manager of the Carolina store. Mr. Roman told Kasse that the company understood that he was not performing adequately as Manager. On October 21, 2013, Kasse began to work as Assistant Manager in the Carolina store. Kasse further avers that his former position was given to a 32-year-old employee with less seniority and less experience than him.[3] Kasse states that his removal was part of a bigger scheme within the company to replace older employees with younger ones. Docket No. 1.

Metropolitan counters that Kasse has failed to establish a prima facie case of discrimination and, most importantly, has

---

**3.**   In fact, the person who replaced Kasse was born in 1971, making him 42 at the time, not 32.

been unable to prove that age was the "but-for" cause of his transfer. Whoever seeks relief under the ADEA bears the "burden of proving that [her] years were the determinative factor in [her] discharge, that is, that [she] would not have been fired but for [her] age." *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1335 (1st Cir.1988). This showing must be made by a preponderance of the evidence. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 177-78 (2009). In fact, even when plaintiff has produced some evidence that age was a motivating factor in the decision, the burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age. *Id.* at 180.

Where, as here, there is no direct evidence of discrimination, a plaintiff must rely on circumstantial evidence and establish a prima facie case through the burden-shifting method developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Mesnick v. General Electric Co.,* 950 F.2d 816, 823 (1st Cir.1991). Under *McDonnell Douglas*, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a prima facie case of age discrimination requires a showing that [1] that plaintiff was at least 40 years old at the time of the

adverse employment action; [2] that he or she was qualified for the position but [3] was nevertheless discharged or demoted; and [4] the employer subsequently filled the position. *Acevedo-Parrilla v. Novartis Ex-Lax, Inc.*, 696 F. 3d 128, 138 (1st Cir. 2012); see also, *Hebert v. Mohawk Rubber Co.*, 872 F.2d 1104, 1110 (1st Cir. 1989)(plaintiff must show"(i) the plaintiff was over the age of forty, (ii) her work was sufficient to meet her employer's legitimate expectations, (iii) her employer took adverse action against her, and (iv) the employer sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills.").

Once the plaintiff has done so, an inference of discrimination is raised. The burden then must shift to the employer, "to articulate some legitimate, nondiscriminatory reason" for its actions. *McDonnell Douglas*, 411 U.S. at 802-03. If the defendant meets the burden of rebuttal, the plaintiff must then show that the defendant's articulated reason was pretextual, and that the prohibited classification actually motivated the decision. *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

## A. The Prima Facie Case

Metropolitan asks the court to grant summary judgment because Kasse is unable to establish a prima facie case of age discrimination under the statute. Plaintiff undoubtedly fulfills the first requirement, as he is 67 years of age. He also fulfills the adverse employment action[4] prong and the fourth prong, since he was replaced by a younger employee. The only contentious issue is whether he meets the second prong, meeting the employer's reasonable expectations.

According to Metropolitan, Kasse did not comply with his duty of properly supervising Muñoz, then Front End supervisor. Docket No. 22-1 at ¶ 9. As Muñoz' direct supervisor, he was in charge of evaluating her performance and taking any disciplinary actions that were needed, which he did not do. As a result, the company had to address numerous

---

**4.** The only adverse employment action that Kasse identifies in his complaint is the demotion, from Manager of the Manatí store, to Assistant Manager of the Carolina one, with the corresponding reduction in salary and commissions. A demotion has been deemed to be an adverse employment action. *Marrero v. Goya of Puerto Rico, Inc.,* 304 F.3d 7, 23 (1st Cir. 2002)(adverse employment actions include "demotions, disadvantageous transfer or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees.")(citations omitted).

complaints of other employees that felt mistreated by Muñoz and blamed Kasse's inaction for "empowering" her. Docket No. 23.

Kasse, however, presents evidence that contradicts his alleged shortcomings. He alleges that he was never the direct object of the investigation; that he did not receive a written or verbal reprimand; and that his letter of transfer did not adduce any violations to his job functions, or to the employee manual. Furthermore, he avers that the ultimate responsibility for disciplining Muñoz fell on the Department of Human Resources, not on him. Finally, he stated that during his long tenure at Metropolitan, spanning over 23 years, he had positive evaluations and had held managerial positions at different stores.

I find that, at this stage, plaintiff has shown that he met his employer's legitimate expectations and, consequently, has met all prongs of the prima facie burden. To rule otherwise would require credibility assessments. *Reeves*, 530 U.S. at 135. And, after all, the prima facie showing of discrimination has a "low standard." *Acevedo-Parrilla*, 696 F.3d at 139 (quoting *Vélez*, 585 F.3d at 447).

### B. Metropolitan's alleged nondiscriminatory reason

Next, I examine whether Metropolitan has proffered a non-discriminatory reason for the adverse employment action.

Defendant avers that Kasse's transfer was in no way motivated by a discriminatory animus, but rather was a direct result of the investigation regarding problems in the Manatí store. On this point, Metropolitan presented evidence of the complaints raised by other employees upon which the investigation was based. Docket No. 22-1 at ¶¶18-23. Moreover, Metropolitan made part of the record the evidence that, in addition to Kasse, it also transferred other members of the managerial team in the Manatí store to other stores. In addition, Metropolitan provided proof that it had conducted an investigation based on a similar complaint in 2011 and, as a result, had sent Kasse a letter advising of the need for improvement.

In light of the evidence that Metropolitan has proffered, the court concludes that it met its burden of articulating a legitimate, non-discriminatory reason for Kasse's transfer. *Acevedo-Parrilla*, 696 F.3d at 140 ("mere questions regarding the employer's business judgment are insufficient to raise a triable issue as to pretext"); *Palmquist v. Shinseki*, 689 F.3d 66, 70 (1st

Cir. 2012) ("This is merely a burden of production and, once such a reason is articulated, it is up to the employee to show that the proffered reason was pretextual and that retaliation was the true reason.").

**C. Evidence of Pretext**

The court now reaches the last phase of the burden-shifting analysis. "The ultimate question on summary judgment in [an] ADEA case is 'whether or not the plaintiff has adduced minimally sufficient evidence to permit a reasonable factfinder to conclude that he was fired because of his age.'" *Velez v. Thermo King de Puerto Rico, Inc.*, 585 F. 3d 441, 452 (1ˢᵗ Cir. 2009) (quoting *Dávila v. Corporación de P.R. Para La Difusión Pública*, 498 F.3d 9, 16 (1st Cir.2007)).

We hold that he does not. First, the court considers Kasse's theory that Steven Koppel, son of Metropolitan's owner, was engaging in a campaign to replace older employees with younger ones. There is simply no evidence of such allegations. For example, Kasse cannot point to any statements made by decisionmakers that can point to an overall pattern of age

discrimination within the company.[5]

Second, the statistics that Kasse presents are only supported by two exhibits that consist of a series of tables that do not reference official numbers released by Metropolitan. Docket Nos. 26-12 and 26-13. The exhibits do not contain an explanation of who prepared them, on which date, and for what purpose. Therefore, I grant little probative weight to the information contained in those exhibits.

Third, Kasse states that defendant presented "shifting explanations" for his demotion, thereby evidencing that Metropolitan did not act for the asserted non-discriminatory reason. Docket No. 27. But a review of the record proves otherwise. Metropolitan and its officers have consistently averred that the reason for Kasse's transfer to the Carolina store were the issues that were unearthed as s result of the 2013 investigation. Docket Nos. 22-3 and 25-3.

Though Kasse constantly repeats that Metropolitan's explanations are full of "lies" and "mendacity," plaintiff relies on nothing more than his own perceptions and beliefs to

---

**5.** "It is settled that statements made by decision makers can evidence age discrimination." *Kelley v. Airborne Freight Corp.*, 140 F.3d 335, 347 (1st Cir.1998).

support his claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (The court may ignore "conclusory allegations, improbable inferences, and unsupported speculation").

With these facts, a rational factfinder could not conclude that age discrimination was the determinative factor in Kasse's demotion. Since Kasse has not adduced any evidence that age was a motivating factor in the decision, he has not met his burden under the ADEA. For that reason, summary judgment is granted and the case is dismissed with prejudice.

### D. Kasse's remaining state law claims

Having found that plaintiff's claims warrant summary disposition, the court declines to exercise supplemental jurisdiction over his remaining state law claims. *See Rodríguez v. Doral Mortgage Corp.*, 57 F. 3d 1168, 1177 (1st Cir. 1995)(quoting *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (holding that where federal claims are eliminated before trial, "the balance of factors to be considered under the

pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### V. Conclusion

Though plaintiff successfully met his burden of establishing a prima face case of discrimination, he could not surpass the "but-for" hurdle and, accordingly, his complaint does not survive summary judgment. His supplemental claims are also dismissed because the court declines to exercise supplemental jurisdiction over them.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2016.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE